UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 DEC 30 PM 2:16

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 5:15-cr-55-01 |
| ) | |
| ROBERT R. FITZGERALD ) | |

**OPINION AND ORDER RE:
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
(Doc. 22)**

Defendant is charged with threatening a public official in violation of 18 U.S.C. § 115(a)(1)(B). He has filed a Motion to Dismiss the Indictment on the ground that it omits the element of intent. A hearing was held on December 14, 2015, at which time the court took the Motion under advisement.

The Indictment reads as follows:

> On or about April 14, 2015, in the District of Vermont, the defendant, ROBERT FITZGERALD, did threaten to assault Dr. M.H., Chief of Staff at the Department of Veterans Affairs Medical Center in White River Junction, Vermont, with intent to retaliate against Dr. M.H. on account of the performance of his official duties. (18 U.S.C. § 115(a)(1)(B))

(Doc. 11.)

Defendant argues that the Indictment in this case is defective because it omits a necessary element of the offense: a subjective intent by the defendant to communicate a threat against a third party. He relies upon the recent decision of the U.S. Supreme Court in *Elonis v. United States*, 135 S. Ct. 2001 (2015), which holds that the Government must prove that the defendant intended to communicate a threat in order to establish a violation of 18 U.S.C. § 875(c). The *Elonis* case rejected an objective standard for determining whether a statement is a threat and required proof of the defendant's subjective intent.

Defendant also challenges the Indictment on First Amendment grounds. He argues that an objective, "reasonable person" standard for determining whether a statement is a threat reaches too far and suppresses protected speech which falls short of the "true threat" exception to First Amendment protection recognized by the Supreme Court in *Watts v. United States*, 394 U.S. 705, 708 (1969) (per curiam).

The Government responds that the Indictment is sufficient because it follows the language of the statute and identifies the "core criminal conduct" alleged. The Government does not agree that the *Elonis* holding applies to an indictment alleging a violation of 18 U.S.C. § 115(a)(1)(B) because § 115 already contains the intent element of "retaliation."

## Analysis

Before considering the specific issues raised by this case, the court acknowledges the broader background of caselaw considering the criminality of threats. The issue has both substantive and constitutional dimensions. Threats vary in seriousness of purpose and in their effect on the recipient. Unlike a blow or a theft, they are also expressive conduct which may be protected by the First Amendment. In identifying threats which may be punished as a crime, the U.S. Supreme Court has developed a doctrine of "true threats" which fall outside First Amendment protection. *See Virginia v. Black*, 538 U.S. 343, 359 (2003) ("'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.").

Although the distinction between true threats and protected speech is primarily used in the constitutional context, courts have also used the standard to identify the substantive element of intent in defining an offense such as 18 U.S.C. § 115(a)(1)(B). Thus, in *United States v. Turner*, the court held that § 115(a)(1)(B) "includes both objective and subjective elements." 720 F.3d 411, 420 (2d Cir. 2013). The decision applied the constitutional doctrine of "true threats"—measured by the objective standard of "'whether an ordinary, reasonable recipient who is familiar with the context of the [communication] would interpret it as a threat of injury'"—to define the substantive scope of the crime. *Id.* (alteration in original) (quoting *United States v. Davila*, 461 F.3d 298, 305 (2d Cir. 2006)).

Very recently, the Supreme Court has called into question the easy congruence of the constitutional test for threatening speech and the substantive elements of crimes arising from threats. In the *Elonis* case, the Court held that at least when a federal statute proscribing threats is silent as to the element of intent, the reasonable person standard employed in "true threat" constitutional analysis will not apply. Instead, the Government must prove subjective intent by the defendant as part of its prima facie case.

I.      **Does the Holding in *Elonis* Apply to an Alleged Violation of § 115(a)(1)(B)?**

The *Elonis* case presented two issues: whether 18 U.S.C. § 875(c) contains an implied element of subjective intent and, if not, whether the First Amendment requires such an element. The Court answered the first question "yes" as a matter of statutory construction and did not reach the constitutional issue.

Section 875(c) is a criminal statute which contains no express element of intent. The provision makes it a crime to transmit in interstate commerce any threat to injure another. A threat which was obviously impossible to perform, a joke or satirical in nature, sent in error or without understanding of its contents, or in other ways lacked genuine threatening import would satisfy the literal language of the statute. But, as the majority observes in *Elonis*, "wrongdoing must be conscious to be criminal." 135 S. Ct. at 2009 (quoting *Morissette v. United States*, 342 U.S. 246, 252 (1952)). Prior to *Elonis*, the courts filled this gap by imposing an objective test: a threat could give rise to criminal liability only if a reasonable person familiar with the context of the communication would interpret it as a true threat of injury. *See United States v. Francis*, 164 F.3d 120, 123 (2d Cir. 1999).

The majority decision in *Elonis* rewrote the substantive criminal law at least with reference to § 875. It imposed a requirement that each element of § 875(c) be supported by scienter. Thus, not only must the transmission occur purposefully, but the defendant must know the "threatening nature of his communication." *Elonis*, 135 S. Ct. at 2012. A conviction may be supported by proof that the defendant "transmits a communication for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat." *Id.* The decision overturned previous cases which held that § 875 was a general intent crime and that a finding that a reasonable person would perceive the communication as a threat was sufficient to supply the element of intent. It is clear after *Elonis* that § 875, like most offenses, is a specific intent crime which requires proof of the subjective intent of the defendant.

Title 18, Section 115(a)(1)(B) of the U.S. Code differs from § 875(c) because it includes an express element of intent. The relevant provisions are: "Whoever . . . threatens to assault . . . a United States official . . . with intent to retaliate against such official . . . on account of the performance of official duties, shall be punished . . . ." 18 U.S.C. § 115(a)(1)(B). The element of scienter which the Supreme Court supplied through implication in *Elonis* is present here in the express terms of the statute. The Government has the burden of proving that the defendant acted

3

"with intent to retaliate." In modern usage, retaliation connotes vengeance and an intentional response to injury or insult. *See* Oxford English Dictionary (3d ed. 2010). One does not retaliate by accident or humorously or in the manner of a parody. Like the other states of mind which appear in the same provision—impeding, intimidating or interfering—retaliation is a conscious action taken with a particular purpose. A person who communicates a threat with the purpose of retaliating against a public official does so with scienter: with the conscious purpose of repaying one perceived injury with another.

For purposes of defining the substantive elements of the offense, § 115(a)(1)(B) requires little further explanation. The element of mens rea is provided by the requirement of intentional retaliation against official action. The specific nature of the threat is defined by the three proscribed crimes: assault, kidnap and murder. Unlike § 875, which left much to the imagination, both the elements of subjective intent and the type of threat which is prohibited are clearly delineated.

Because of the specificity of § 115(a)(1)(B), there is no need to add implied elements of mental intent to the offense. The statute provides these explicitly. It remains necessary, however, to consider whether such a crime is constitutional.

## II.     Does the First Amendment Impose Limits on the Reach of § 115(a)(1)(B)?

The answer is that all crimes arising from threats or other expressive conduct are subject to First Amendment protections. Threats in particular are subject to "true threat" analysis described above. *Elonis* did not change this area of law. The decision only addresses the elements of the substantive offense. In overturning decisions which imposed an objective standard for intent as a matter of substantive law, it did not also rewrite the "true threat" doctrine for First Amendment analysis. Indeed, the Supreme Court explicitly declined to consider any First Amendment issues. *Elonis*, 135 S. Ct. at 2012.

In contrast to the elements of crimes in which subjective intent is a near universal standard for wrongdoing, constitutional standards are invariably objective. Issues such as the standards for effective assistance of counsel, qualified immunity for law enforcement, and the limits of free speech are determined through objective standards which offer the promise of uniform application. Thus, whether a statement is a "true threat" for purposes of the First Amendment cannot depend upon the mental state of the person making the statement. *See Elonis*, 135 S. Ct. at 2027 (Thomas, J., dissenting) (concluding that it was necessary to reach

First Amendment issue, and noting "the long tradition of focusing on objective criteria in evaluating the mental requirement"). It is very unlikely that the *Elonis* decision upends this long-standing rule.

But it is unnecessary to determine the scope of Mr. Fitzgerald's constitutional protection in the context of a motion to dismiss. The issues presented by a motion to dismiss under Fed. R. Crim. P. 12(c) are far more narrow. Mr. Fitzgerald retains all of his rights under the First Amendment and may seek to establish at trial that his conduct was protected.

### III. Scope of Review Under Fed. R. Crim. P. 12(c)

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). An indictment is constitutionally sufficient if it (1) contains the essential elements of the offense charged so as to inform the defendant of the nature and cause of the accusation; (2) contains enough detail to enable the defendant to plead double jeopardy in a future prosecution based on the same set of facts; and (3) prevents prosecution for crimes based on evidence not presented to the grand jury. *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) (citing *United States v. Silverman*, 430 F.2d 106, 110 (2d Cir. 1970)); *see also United States v. Larson*, 807 F. Supp. 2d 142, 155 (W.D.N.Y. 2011) (citing *Walsh*).

In applying the general requirement of Rule 7(c) to specific cases, courts have considered whether the indictment follows the provisions of the criminal statute. "We have often stated that 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (quoting *United States v. Tramunti*, 513 F.2d 1087, 1112 (2d Cir. 1975)). An indictment which meets these criteria serves the two essential purposes of giving notice to the defendant of the conduct with which he is charged and preventing a second prosecution for the same offense.

Considered by these standards, the Indictment is sufficient. It follows the language of the statute slavishly. It satisfies the requirement and the purpose of Fed. R. Crim. P. 7 by giving notice of the time, place and conduct involved in the charge. It protects the defendant from a second prosecution for the same alleged conduct. For purposes of the language and scope of the Indictment, nothing further is required.

## Conclusion

For the reasons stated above, Defendant's Motion to Dismiss the Indictment (Doc. 22) is DENIED.

Dated at Rutland, in the District of Vermont, this 30 day of December, 2015.

                                              Geoffrey W. Crawford, Judge
                                              United States District Court